Francis Chiaverini *et al. vs.* Alonzo Vail.

JUNE 23, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This action of assumpsit was heard by a justice of the superior court sitting without a jury and resulted in a decision for the defendant for $519, under his special plea of set-off. The case is before us on the plaintiffs' exceptions to said decision on the grounds that it is against the law, against the evidence, against the law and the evidence, and that the damages awarded to the defendant are excessive.

This case arises out of a contract between the plaintiffs, who are architects, and the defendant, for the furnishing of plans and specifications and for the supervision by the plaintiffs of the construction of a theatre, which the defendant was to build in the town of Bristol. According to the evidence, the plaintiffs were to receive $300 for drawing the plans and specifications of the building and three per cent

of the total cost of the theatre as compensation for supervising its construction.

It further appears from the evidence that the construction work started on July 17, 1934, and that later, on September 20, 1934, differences arose between the parties over the accuracy of the architects' plans. It also appears that the plaintiff Chiaverini visited the construction about every working day to inspect the work being done, but these visits occurred either before the day's work began in the morning or after its completion in the afternoon and never during the progress of the work. The defendant complained that this was not supervision of the work, in accordance with the contract, and in a letter, bearing date of September 20, 1934, which the plaintiff Chiaverini testified he received on either the 21st or 22nd of September, stated that he, the defendant, was dissatisfied with plaintiffs' services and that he did not require them further.

The plaintiffs discontinued their visits to the construction job after September 23, 1934, and when the theatre was completed brought this suit for recovery of their compensation for supervisory service up to that date at the rate set out in the contract. They had already received from the defendant the sum of $300 for a set of plans and received another payment of $300 for a second set of plans.

The defendant claimed that, because of an error in the second set of plans, he was put to considerable expense for labor and supervision in correcting the work, which had been done under the alleged faulty plans before the error was discovered. The defendant offered evidence to prove that such extra labor and supervision cost him an additional sum of $519, over and above the original cost of constructing the theatre.

There is very little conflict in the evidence that an error was made in the plans furnished by the architects. In fact, it is substantially admitted by plaintiffs, although the plaintiff Chiaverini, in his testimony, denied it was his error and

charged it to the omission of a clerk in his office. He also claimed that the extra expense entailed by the additional work was the fault of the contractor, who, he claims, had not checked the plans before starting the excavation. This contention is without merit.

The real conflict in the evidence arose over whether the architects had supervised the work in accordance with the contract. The defendant contends that they did not, and has offered expert testimony to show that such visits as the architects made to the job did not constitute supervision. The plaintiffs also introduced expert testimony to the effect that the contract term "supervision", according to the custom of architects, did not mean constant superintendence of the work while in progress; but this witness also admitted that, where all the visits of the architects to the construction occurred before or after working hours and where they never inspected the work while in progress, there was no supervision.

The plaintiffs contended that the defendant knew, at the time he hired them, that they were employed by the city of Providence until 4 o'clock every afternoon, although the defendant testified he did not know this fact until after the first set of plans were drawn. The defendant testified that after that fact became known to him, he wanted the plaintiffs to continue but he still expected that they would give more than "telephone" supervision to the job while it was in progress, and that he dismissed them on September 20 because he was not receiving supervision according to the contract. Chiaverini, on the other hand, testified that he offered to tear up the contract after the error in the plans had been discovered and defendant had learned of plaintiffs' employment with the city of Providence, but that the defendant asked them to stay. The inference which is suggested by Chiaverini's testimony, as we understand it, is that the defendant was willing that the plaintiffs continue

as the architects, notwithstanding defendant's knowledge of their employment with the city.

On this question the trial justice found that supervision was required of the plaintiffs and that there was no supervision within the meaning of the contract; therefore he decided against the plaintiffs' claim for compensation for such service under the contract. Unless the decision of the trial justice is clearly wrong, it will not be disturbed. We have carefully considered the evidence and we are of the opinion that, on the conflicting evidence before him, the trial justice was not clearly wrong in finding as he did.

On the question of damages alleged to have been sustained by the defendant because of the error in the second set of plans, there is no question on the evidence but that the plaintiffs were chargeable with such error; there was, however, a substantial conflict over whether the additional labor and supervision were a necessary consequence of such error and whether all of it should be charged against the plaintiffs.

But here again the plaintiffs in this court are confronted with the rule above stated. It was peculiarly a function of the trial court to resolve these questions, and it has resolved them in defendant's favor. From our examination of the evidence, we cannot say that the trial justice was clearly wrong in holding that all the extra labor and supervision were due to the error in plaintiffs' second set of plans, or in allowing the defendant the full amount of damages, which he claimed that he sustained, by reason of the extra work entailed by such error.

Whether or not the number of hours of labor charged for this extra work was excessive is a question on which reasonable men might differ on the evidence in the record. We cannot say, therefore, that they are excessive. On the contrary, we are of the opinion that the trial justice's decision reasonably corresponds to the real merits of the controversy and does substantial justice between the parties, both on

the question of plaintiffs' liability and on the question of defendant's damages, under the defendant's plea in set-off.

The plaintiffs' exceptions are, therefore, overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Benjamin Cianciarulo, Edward A. Capomacchio,* for plaintiffs.

*William H. McSoley,* for defendant.